UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION - MDL-1928

This Document Relates To:

*Shantele M. Garrett
v. Bayer Corporation, et al.*,
Case No. 09-cv-80170
_____/

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE comes before me upon Defendants'[1] (hereinafter, collectively, "Bayer") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) ("Motion") (DE 31 in Case No. 09-cv-80170; DE 9194 in Case No. 08-md-01928), filed on April 19, 2011. Plaintiff filed a Response (DE 33),[2] to which Bayer replied (DE 34). I have reviewed the Motion and am informed of the premises. For the reasons provided below, Bayer's Motion shall be granted, in part, and denied, in part.

**I.    Background**

Plaintiff Shantele Garrett ("Plaintiff" or "Ms. Garrett")[3] filed her Complaint directly in this MDL on February 10, 2009, alleging that she suffered injuries as a result of her exposure to

---

[1] The Complaint names as Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals Inc. (as successor in interest of Bayer Pharmaceuticals Corporation), and Bayer Healthcare AG. (Compl. 1).

[2] This Order will refer to filings by their specific case docket entries unless otherwise stated.

[3] Plaintiff is a citizen of Maryland. (Compl. ¶ 2).

1

Trasylol[4] on June 21, 1996 at Inova Fairfax Hospital in Virginia.[5]  (Compl. ¶ 4).  Bayer[6] gave notice of its appearance in lieu of answer in this action on July 29, 2009.  (DE 15).

Plaintiff's Short Form Complaint lists the following counts: Strict Liability – Failure-to-warn (Count I), Strict Liability – Design defect (Count II), Negligence (Count III), Negligence per se (Count IV), Fraud misrepresentation and suppression (Count V), Constructive fraud (Count VI), Breach of implied warranties (Count VII), Unfair and deceptive trade practices (Count VIII), Unjust enrichment (Count IX), Loss of consortium (Count X), Survival action (Count XII), Gross negligence/malice (Count XIII), Punitive damages (Count XIV).

## II.   Legal Standard – Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  "Judgment on the pleadings is proper when no issues of material fact exist, and the

---

[4] Trasylol, also known as "aprotinin for injection," is a prescription drug used to control operative bleeding.  (Master Compl. ¶ 11; Compl. ¶ 7).  The terms "Trasylol" and "aprotinin" will be used interchangeably throughout this Order.

[5] The Complaint indicates only the name of the hospital but not its location in Virginia.  Bayer argues that the Court should take judicial notice of this fact.  Because the hospital's location in Virginia is a matter of public record and not disputed by Plaintiff (*see* DE 33 at 2 (stating "Plaintiff was administered the drug in Virginia")), I take judicial notice of this fact for purposes of the instant Motion.  *See, e.g.*, *In re Physician Corp. of Am. Sec. Litig.*, 50 F. Supp. 2d 1304, 1311-12 (S.D. Fla. 1999) (court may consider matters of public record referred to in complaint on a Rule 12 motion).

[6] ( *See* Pls.' Master Compl. (DE 103) ¶ 4 (alleging that defendant Bayer Corporation is a corporation formed in Indiana with its principal place of business in Pennsylvania); *id.* ¶ 5 (alleging that defendant Bayer HealthCare Pharmaceuticals Inc. is incorporated in Delaware with its principal place of business in New Jersey); *id.* ¶ 7 (alleging that Bayer HealthCare AG, the predecessor in interest to defendant Bayer Schering Pharma AG, is a German corporation with its principal place of business in Germany)).

moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). The district court must "accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id*. A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same analysis as a motion to dismiss pursuant to Rule 12(b)(6). *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *see also Equal Employment Opportunity Commission v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

In ruling on such a motion, a court must accept as true all well-pleaded facts in the complaint. Conclusory allegations are not entitled to the same presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007). Rule 8 provides that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive, a complaint must allege sufficient facts, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "allegations in the complaint are viewed in the light most favorable to the plaintiff." *Watts*, 495 F.3d at 1295. "Labels and conclusions," "[t]hreadbare recitals of the elements of a cause of action," or "naked assertions devoid of further factual enhancement," are insufficient. *Iqbal*, 129 S. Ct. at 1949. (quotations omitted).

### III. Parties' Arguments and Analysis

#### A. Choice of Law

Bayer argues for the application of Virginia law, and Plaintiff responds that Maryland law should govern this Case.

Florida choice of law rules apply. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903-04 (E.D. La. 2007) (applying the choice of law rules of the state where the MDL court sits to cases directly filed in the MDL); (*see also* DE 31 at 2; DE 33 at 2).

Florida's borrowing statute "bars actions brought in Florida which arise outside the State of Florida and which are time-barred in the jurisdiction in which the cause of action arose." *Bates v. Cook, Inc.*, 509 So. 2d 1112, 1113 (Fla. 1987) (citing § 95.10, Fla. Stat.). A cause of action arises in the state having the "most significant relationship" to the claim. *Id.* at 1115; *Steele v. S. Truck Body Corp.*, 397 So. 2d 1209, 1210-12 (Fla. 2d DCA 1981) (applying West Virginia law where the injury occurred in, and plaintiff was a resident of, West Virginia, even though defendant manufacturer was a Florida corporation and van was "negligently and defectively designed, manufactured, and sold into the stream of national commerce in Florida"). The significant relationship test also determines the substantive state law that applies to this case. *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980) (citing Restatement (Second) of Conflict of Laws §§ 145-46).

The following factors are to be considered in applying this test: "'(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.'" *Id.* at 1001. (internal

4

citations omitted).

The state where the injury occurred is "under most circumstances . . . the decisive consideration in determining the applicable choice of law." *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980); *see also Steele v. S. Truck Body Corp.*, 397 So. 2d 1209, 1211-12 (Fla. 2d DCA 1981).

I find that Virginia law governs this case. Plaintiff does not dispute that her alleged injury from Trasylol occurred in Virginia, where the drug was administered and Plaintiff was hospitalized. (DE 33 at 2; Compl. ¶ 4). Instead, Plaintiff asserts that she, as a Maryland resident, "continues to suffer [in Maryland] the consequences" of the "Trasylol-related injury" that Plaintiff acknowledges occurred in Virginia. (DE 33 at 2). Although I agree with Plaintiff that residency is a factor to be considered in determining the applicable state law, I find that, for purposes of this Motion, the injury occurred in Virginia, a factor that weighs heavily in the analysis under Florida choice of law rules. Moreover, I find that the residency factor is inconclusive here because the parties are residents of different states. *Digioia v. H. Koch & Sons*, 944 F.2d 809, 813 (11th Cir. 1991) (finding factor inconclusive where parties' domicile or principal place of business were in different states, each of which had an interest in the litigation).

Furthermore, I find that the relevant conduct occurred in, and the parties' relationship was centered in, Virginia, where Trasylol was administered and allegedly caused harm, and where Trasylol most likely was marketed, shipped, and sold. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 458 (E.D. La. 2006) (Merck's conduct originated in New Jersey, but it was effectuated and felt by every plaintiff in, and Merck's relationship was centered in, the states

where Vioxx most likely was marketed, shipped, prescribed, ingested, and allegedly caused harm). Virginia law applies to this case.

### B. Statute of limitations

Bayer argues that Plaintiff's personal injury claims are barred under Virginia's two-year statute of limitations. The limitations period began to run on the date of injury, and Plaintiff's claims are not subject to a discovery rule under Virginia law. Bayer further argues that Plaintiff's fraud and unfair and deceptive trade practices ("UDTP") claims are not subject to a discovery rule because the claims in substance are personal injury claims. (DE 31 at 2-8).

Plaintiff argues that her personal injury claims are timely under Maryland law, but does not argue that her personal injury claims are timely under Virginia law. Instead, Plaintiff argues that, if Virginia law applied, her fraud and deceptive trade practices claims still would be timely because they are separate from her personal injury claims and are subject to a discovery rule. (DE 33 at 2-5).

Bayer replies that all of Plaintiff's claims are for personal injuries and therefore are not subject to a discovery rule that would save them from the Virginia statute of limitations. Furthermore, Bayer argues that Plaintiff has not pled her fraud claims with the requisite specificity. (DE 34 at 6-10).

Plaintiff does not dispute that if Virginia law applies, Plaintiff's personal injury claims are time-barred, and I find that they are barred under Virginia's statute of limitations. Plaintiff's personal injury claims are subject to the two-year statute of limitations set forth in VA. CODE § 8.01-243(A) (providing that "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years

after the cause of action accrues"); *see also Large v. Bucyrus-Erie Co.*, 707 F.2d 94, 96-99 (4th Cir. 1983) (applying statute to products liability claims) (citing *Locke v. Johns-Manville Corp.*, 275 S.E.2d 900 (Va. 1981)); *Friedman v. Peoples Serv. Drug Stores, Inc.*, 160 S.E.2d 563, 565-66 (Va. 1968) (personal injury claims based on a breach of warranty or contract).

A right of action is "deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person." VA. CODE § 8.01-230; *see also Wade v. Danek Med., Inc.*, 182 F.3d 281, 285 (4th Cir. 1999) ("It is well settled in Virginia, however, that the limitations period begins running at the time of the initial injury, not at the time of diagnosis or discovery."); *Locke*, 275 S.E.2d at 904.

Virginia generally does not recognize a discovery rule in applying the statute of limitations in personal injury cases. VA. CODE § 8.01-230;[7] *see also Large*, 707 F.2d at 96-99; *Smith v. Danek Med., Inc.*, 47 F. Supp. 2d 698, 701 (W.D. Va. 1998) (cause of action accrued when medical device implanted, not when device was discovered to be causing injury and surgically removed); *Locke*, 275 S.E.2d at 905 (declining to adopt a "discovery rule, which triggers the running of the statute only when the injury is discovered or should have been discovered in the exercise of reasonable diligence," and instead holding that "the accrual point is when damage occurs"). Defendants need only show when the injury occurred "with a reasonable degree of medical certainty." *Wade*, 182 F.3d at 285 ("In view of Wade's own admissions

---

[7] "In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from *the date the injury is sustained in the case of injury to the person* or damage to property, when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered, except where the relief sought is solely equitable or where otherwise provided under § 8.01-233, subsection C of § 8.01-245, §§ 8.01-249, 8.01-250 or other statute." VA. CODE § 8.01-230. (emphasis added).

regarding the time at which her symptoms arose and the time at which she communicated them to her doctors . . . we agree with the district court that appellants amply met their burden of demonstrating when Wade's injury occurred 'with a reasonable degree of medical certainty.'") (citing *Locke*, 275 S.E.2d at 905).

Here, it is undisputed that Plaintiff's injury occurred in 1996, more than two years before she filed this action. *See also Locke*, 275 S.E.2d at 905 (personal injury "accrual point is when damage occurs" for the first time, which can be "even years before onset of the symptoms"); *Wade*, 182 F.3d at 285 (under Virginia law, tort claim accrues "at the time of the initial injury," not at some later point). And Plaintiff does not dispute that under Virginia law her personal injury claims are time-barred. I find that they are barred by the statute of limitations.

Plaintiff does, however, argue that her fraud and UDTP claims (Counts V, VI, VIII) are timely under Virginia's discovery rule for such claims. Bayer replies that in substance these claims are for personal injuries, and therefore a discovery rule does not apply.

I agree with Plaintiff that judgment on the pleadings in Bayer's favor is not warranted on her fraud and UDTP claims on the ground of the Virginia statute of limitations. Although section 8.01-230 of the Virginia Code provides a general rule governing accrual of a right of action for statute of limitations purposes, it "specifically excepts from its purview claims governed by section 8.01-249." *See Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 891 (E.D. Va. 2010); *see also* VA. CODE § 8.01-230. Section 8.01-249 provides:

> The cause of action in the actions herein listed shall be deemed to accrue as follows:
> 1. In actions for fraud or mistake, in actions for violations of the Consumer Protection Act (§ 59.1-196 et seq.) based upon any misrepresentation, deception, or fraud, and in actions for rescission of contract for undue influence, *when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due*

8

> *diligence reasonably should have been discovered*.

VA. CODE § 8.01-249 (emphasis added). This section provides a discovery rule applicable to fraud and UDTP claims. *See, e.g.*, *Torkie-Tork*, 739 F. Supp. 2d at 891-92. Bayer argues that all of Plaintiff's claims are time-barred because Plaintiff's personal injury is the object of this entire suit, but, like the court in *Torkie-Tork*, I disagree with this line of argument. There is no dispute that the two-year statute of limitations prescribed by 8.01-243 applies to this action. Furthermore, the terms of sections 8.01-230 and 8.01-249 make clear that section 8.01-249, and not section 8.01-230, governs accrual for Plaintiff's fraud and UDTP claims. *Id*. at 892. The court in *Torkie-Tork* explained:

> This is so because § 8.01–230 merely creates a general time-of-injury rule that applies to "every action," with certain enumerated exceptions including, importantly, the provision governing fraud claims, § 8.01–249. And § 8.01–249 creates the rule for fraud claims, without any exceptions, and without reference to the nature of the injury alleged or the "gravamen" or "object" of the claims. Thus, in a properly alleged fraud claim, the two-year statute of limitations prescribed by § 8.01–243 applies and the limitation period begins on the date of (i) the discovery of the fraud or (ii) the date on which the fraud reasonably should have been discovered through exercise of due diligence, whichever occurs first.

739 F. Supp. 2d at 891 (applying VA. CODE § 8.01-230 to negligence, product liability, and breach of warranty claims, and VA. CODE § 8.01-249 to fraud claims).

The fraud and UDTP allegations are that Bayer concealed and misrepresented the risks of Trasylol to doctors, consumers, and regulators. The pleadings and currently undeveloped record are inadequate to determine when plaintiff knew or reasonably should have known of the alleged fraud. Bayer's motion for judgment on the pleadings on the ground of the statute of limitations therefore is due to be denied on the fraud and UDTP claims.[8] I address below additional grounds

---

[8] I note that *Bonham v. Glenn M. Weinraub, D.P.M.*, 413 Fed. Appx. 615, 618 (4th Cir. Feb. 24, 2011) does not require a different result. There, the court found that VA. CODE §

9

for judgment on the pleadings raised by Bayer with respect to Plaintiff's fraud claims.

### C. Fraud claims (Counts V-VI)

Bayer argues that Plaintiff's constructive fraud claim is due to be dismissed pursuant to this Court's prior orders. The Constructive Fraud claim (Count VI) was dismissed pursuant to this Court's orders dated March 5, 2009 (DE 809 in Case No. 08-md-01928 (dismissing Count VI (Constructive Fraud) of the Master Complaint for failure to allege the fiduciary relationship required to prove constructive fraud) and April 1, 2009 (DE 916 in Case No. 08-01928 (dismissing Count VI unless Plaintiffs filed a response to the Order or otherwise amended the Complaint). (DE 31 at 8 n.6). Plaintiff does not respond to this argument. I find that the constructive fraud claim is due to be dismissed.

Bayer also notes that Plaintiff's fraud claim (Count V) lacks the specificity required by this Court's prior orders. (DE 34 at 8 n.5). Plaintiff has not responded to these Orders, and I find that, in accordance with the Orders, this claim remains pending, in part. (*See* DE 809 in Case No. 08-01928 at 22 ("Count V [of the Master Complaint] remains pending as it relates to Bayer's knowledge of evidence establishing the risk of renal and other personal injury damage by Trasylol which was not consistent with the information set forth in its contemporaneous marketing materials. To the extent that Count V specifically relies on any statement other than packaging or marketing materials that was made by Defendants marketing representatives to an individual plaintiff or treating physician, then such statements must be set forth with the particularity required by Rule 9."); DE 916 in Case No. 08-01928 (dismissing Count V in part

---

8.01–249 applied to determine accrual of the fraud claims. Here, the fraud accrual statute also applies to the fraud claims. Furthermore, here, unlike in *Bonham*, Plaintiff alleges personal injury claims separately from the fraud claims, and does not dispute that, under Virginia law, the personal injury claims are barred and not subject to the fraud accrual statute.

"[t]o the extent that [it] specifically relies on any statement other than packaging or marketing materials that was made by Defendants marketing representatives to an individual plaintiff or treating physician," unless Plaintiffs filed a response to the Order or otherwise amended the Complaint)).

### D.   Loss of consortium (Count X) & Survival action (Count XII)

Bayer argues that Plaintiff's loss of consortium and survival action claims are not cognizable under Virginia law. (DE 33 at 5). Plaintiff in her Response withdraws these claims. Judgment therefore is entered in favor of Bayer on these claims.

### E.   Punitive damages (Count XIV)

Bayer argues that Plaintiffs' punitive damages claim fails because it is derivative of Plaintiffs' time-barred claims. (DE 31 at 2 n.1). Because I find that the Motion should be denied, as outlined *supra*, with respect to Plaintiff's fraud and UDTP claims, I find that judgment against Plaintiff on her claim for punitive damages on the ground that such a claim is derivative should not be granted at this time.

## IV.   Conclusion

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Bayer's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (DE 31 in Case No. 09-cv-80170; DE 9194 in Case No. 08-md-01928) is **GRANTED, in part, and DENIED, in part, as follows:**

- Bayer's Motion is granted, in part, and denied, in part, with respect to Plaintiff's fraud claim (Count V) in accordance with this Court's prior Orders;

- Bayer's Motion is denied with respect to Plaintiff's UDTP and punitive damages claims

(Counts VIII and XIV);

• Bayer's Motion is granted in all other respects.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 13th day of July, 2011.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record